**John A. TANNER Plaintiff**

v.

**BENICORP INSURANCE COMPANY Defendant**

**No. CIV. 02–6116.**

United States District Court,
W.D. Arkansas,
Hot Springs Division.

March 20, 2003.

Donald M. Spears, Jimmy Doyle, Spears & Jones, Benton, for Plaintiff.

Carrie J. Soder, Alice Morical, Hoover, Hull, Baker & Heath, Indianapolis, IN, Don M. Schnipper, Wood, Smith, Schnipper & Clay, AR, Hot Springs, for Defendant.

### OPINION & ORDER

DAWSON, District Judge.

This action is brought by the plaintiff, John A. Tanner, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. (1997) (ERISA or the Act) alleging that he is entitled to medical benefits coverage under a group plan sponsored by his employer, Tanner Truck & Equipment, Inc. The plan is insured and administered by defendant Benicorp Insurance Company. The case between plaintiff and defendant is now before the court on the stipulated administrative record and the parties' briefs.[1] For the reasons set forth herein below, Benicorp's decision to rescind coverage and deny benefits will be upheld; plaintiff's claim(s) will be denied; and this case will be dismissed.

### Background.

Plaintiff was employed by Tanner Truck & Equipment, Inc. (the employer) and covered under a medical benefits policy issued to the employer by defendant Benicorp Insurance Company. Plaintiff completed an application for the policy on July 31, 2000. (Stip. Rec. at 133–136.) The application for insurance asked whether, within the last 5 years: (1) the applicant has, had or may have certain specified conditions; and (2) whether the applicant had been advised to have or had received treatment or surgery for any current medical condition. For any question marked "yes," Plaintiff was to provide details about the condition, treatment, medication, degree of recovery, and other helpful information. Id. Plaintiff answered "yes" to "back or spinal disorders, arthritis, joint or muscle disorders" and "diabetes, kidney, liver, male or female reproduction, or urinary tract disorders." In the details section, Plaintiff wrote, "Diabetes questionnaire mailed in with request for quote" and listed his doctor's name and address. Id. at 135. The diabetes questionnaire was completed on December 1, 1999, and stated that Plaintiff's treatment consisted of taking oral medication. Plaintiff did not disclose any complications or hospitalizations due to the diabetes. Id. at 137. The application also asked whether Plaintiff had received consultation, advice, or treatment for any condition not listed during the past 36 months. Plaintiff answered "no" to this question. Id. at 134. The application warned, "Any misstatement or omissions of information may be basis for denying payment of a claim or voiding coverage entirely, subject to the Incontest-

---

1. We are a little mystified by Defendant's brief which refers to Rule 56 of the Federal Rules of Civil Procedure. This matter is not proceeding by way of motion for summary judgment. The Court instructed the parties to file a stipulated record and briefs in support of their respective positions. As explained within this opinion, the Court's role in this matter to limited to conducting an independent review of the record according to the applicable standard.

ability Provisions of the Policy." *Id.* On both the application and the questionnaire, Plaintiff represented that his answers were true and complete.

Based upon the information contained in the application (including the diabetes questionnaire), Benicorp issued the policy with an effective date of September 1, 2000. The policy certificate book includes the following provision:

STATEMENTS—MISSTATEMENTS. All statements by an insured (except fraudulent) shall be deemed representations. They shall not be deemed warranties. A statement shall void coverage or be used in defense of a claim if:

1. In the case of an employer, it is contained in an Employer application; or

2. In the case of an insured, it is contained in a signed application or written request. In such case, he/she or his/her beneficiary must have been given a copy.

If Your misstatement of facts affects Your amount or type of insurance, the truth shall be used in deciding the coverage in force, if any. Premiums and/or benefits may be adjusted to reflect premium and/or coverage for the Insured's age.

We reserve the right to terminate coverage of an Insured Person who has knowingly submitted fraudulent claims for benefits or has made a material misstatement in applying or [sic] insurance coverage or filing a claim for benefits.

(Stip. Rec. at 40.)

By letter dated May 29, 2001, Benicorp notified Plaintiff that it had decided to rescind his medical coverage and deny benefits because Plaintiff had made material omissions of fact on the insurance application. (Stip. Rec. at 223–229.) The letter sets forth in 16 successive and detailed paragraphs medical history facts gleaned from medical records obtained from Plaintiff's doctor. *Id.* at 224–228. The bulk of the medical records relied upon by Benicorp consists of treatment notes written by the doctor describing Plaintiff's office visits and consultations between May 6, 1997, and July 1, 2000. *Id.* at 153–175. Noted within the medical records, but not specifically disclosed on Plaintiff's application, were the following items: a history of high triglycerides; treatment for sleep deprivation or sleep apnea for which he used a C–PAP machine; surgery to remove his uvula to correct sleep problems; treatment for prostatism; treatment for possible angina; high cholesterol; and treatment for gastrointestinal problems for which Plaintiff was prescribed Prilosec. Based upon this information, Benicorp determined that Plaintiff had incorrectly or incompletely answered the questions on the insurance application and that, had the complete information been revealed, the medical benefits coverage would not have been issued as it was. *Id.* at 186–188. "The result of this action is to void all of your coverages with Benicorp back to the effective date, as though they were never in effect. Consequently, no benefits are payable for any expenses incurred by your family." *Id.* at 228.

Plaintiff's attorney sent a letter on June 22, 2001, appealing the decision and demanding that Benicorp reinstate the policy. (Stip. Rec. at 231–232.) Benicorp's claim appeal committee met on June 27, 2001 to review the file. The decision to rescind the policy was affirmed. *Id.* at 234–235. Plaintiff filed this litigation on February 25, 2002.

### *Standard of Review.*

The complaint seeks relief against defendant under the provisions of 29 U.S.C. § 1132, claiming that Plaintiff is due continued coverage and benefits under the terms of an ERISA plan. *See* 29 U.S.C. § 1132(a)(1)(B). The Supreme

Court has held that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989). When the plan gives the administrator discretionary authority, the administrator's decision is reviewed deferentially for an "abuse of discretion." *Woo v. Deluxe Corp.,* 144 F.3d 1157, 1160 (8th Cir.1998). The deferential standard does not permit this Court to reverse the administrator's decision simply because we disagree with it. *Donaho v. FMC Corp.,* 74 F.3d 894, 898 (8th cir.1996). The administrator's decision must be upheld if it is reasonable and based upon substantial evidence. *Id.* The parties agree that ERISA governs the plan and that Benicorp had discretionary authority to determine Plaintiff's eligibility for medical benefits coverage.

### Discussion.

Plaintiff does not dispute the contents of his medical records. He contends only that the alleged misstatements or omissions were not significant or material and that it was unreasonable for Benicorp to deny coverage and rescind the policy. Plaintiff argues that rescission of the policy is against the plan's goal of providing medical insurance to the employees of Tanner Truck & Equipment, Inc.

In deciding whether the administrator's interpretation of the Plan was an abuse of discretion, we inquire into several factors: (1) whether the interpretation is consistent with the goals of the Plan; (2) whether it renders any language in the Plan meaningless or internally inconsistent; (3) whether it conflicts with the substantive or procedural requirements of the ERISA statute; (4) whether the adminis- trator has interpreted the provisions at issue consistently; and (5) whether the interpretation is contrary to the clear language of the Plan. *Cooper Tire & Rubber Co. v. St. Paul Fire and Marine Ins. Co.,* 48 F.3d 365, 371 (8th Cir.1995).

We make no finding as to whether Plaintiff's omissions were intentional or innocent. The issue is whether the information omitted from Plaintiff's application was material to Benicorp's decision to accept the risk and offer Plaintiff coverage under the group medical insurance plan. Plaintiff omitted numerous medical facts from his application, the disclosure of which was plainly desired by Benicorp. The application itself warned Plaintiff that "decisions regarding rates and reinsurance are made based on the information provided herein. If accurate information is not received, the company's risk may be significantly increased." (Stip. Rec. at 134.) Upon consideration of the stipulated record and the *Cooper Tire* factors, we conclude that the omissions were material, and that Benicorp's decision was reasonable and supported by substantial evidence in the record.

### Conclusion and ORDER

As Benicorp's decision to rescind coverage and deny Plaintiff's medical claims is reasonable and supported by substantial evidence in the record, Plaintiff is not entitled to a judgment against Defendant. Accordingly, plaintiff's claim is hereby DENIED and this case is DISMISSED.

IT IS SO ORDERED.